UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCIN SOKOLOWSKI, | ) | Civil No. 09cv195-L(RBB) |
| Plaintiffs, | ) ) | **ORDER RE: ORDER TO SHOW CAUSE DENYING AS MOOT JOINT MOTION FOR STAY AND ADMINISTRATIVELY CLOSING THE CASE** |
| v. | ) ) | |
| CARNIVAL CRUISE LINES, | ) ) | |
| Defendant. | ) ) | |

This case came before the court for a hearing on December 1, 2009 on the court's order to show cause why it should not be dismissed for failure to timely serve the summons and the complaint and for failure to prosecute. Stephen J. Estey, Esq. appeared on behalf of Plaintiff.

The complaint was filed on February 2, 2009. On May 11, 2009 the court granted the parties' joint motion to stay while they arbitrate the dispute. The case was stayed until August 10, 2009. The order further stated that if parties required more time, they had to file, no later than August 3, 2009, a motion requesting an extension of the stay and a progress report about the arbitration. On November 5, 2009 the court issued an order to show cause why the case should not be dismissed because there had been no activity in the case and the complaint had not been served. On November 17, 2009 the parties filed a joint motion to stay the case until June 18, 2010, while they arbitrate the case.

Federal Rule of Civil Procedure 4(m) provides in pertinent part:

Time Limit for Service.  If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that

service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Rule 4(m) allows, but does not require, courts to provide additional time for service, "even if good cause is not shown."  Notes of the Advisory Committee on 1993 Amendments to rule 4(m).

In addition, Rule 41(b) provides in pertinent part:

Involuntary Dismissal; Effect.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

District courts have the authority to dismiss *sua sponte* "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  Consistent with this authority, Civil Local Rule 41.1(a) provides:

Actions or proceedings which have been pending in this court for more than six months, without any proceeding or discovery having been taken during such period, may, after notice, be dismissed by the court for want of prosecution, at the calling of a calendar prepared for that purpose by the clerk.  Such a dismissal shall be without prejudice, unless otherwise ordered.

Based on Plaintiff's representations on the record, the failure to comply with the May 11, 2009 order and the subsequent delay incurred in these proceedings were unreasonable.  Nevertheless, in the interests of justice, the action is not dismissed at this time.  Accordingly, it is hereby **ORDERED** as follows:

1. This case is **TEMPORARILY CLOSED**.  No later than seven calendar days after the completion of arbitration, Plaintiff shall file an ex parte application to reopen the case.  The application shall include a copy of the arbitrator's decision.  Plaintiff shall serve Defendant with process within seven calendar days of filing the ex parte application.

2. The Joint Motion to Stay Federal Proceeding, filed November 17, 2009, is **DENIED** as moot.

**IT IS SO ORDERED**.

DATED:  December 1, 2009

                                                      _____
M. James Lorenz
United States District Court Judge

1 COPY TO:

2 HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

3 ALL PARTIES/COUNSEL